IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| KEITH DRINKARD, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) |
| | ) CASE NO. 3:04-0605 |
| | ) JUDGE CAMPBELL/KNOWLES |
| | ) |
| | ) |
| MOHAMMAD HOSSAIN, M.D., and | ) |
| ELIZABETH DE FELICE, | ) |
| | ) |
| Defendants. | ) |

## REPORT AND RECOMMENDATION

This matter is before the Court following the filing, on April 28, 2005, of a "Notice of Death of Plaintiff." Docket No. 55. That Notice essentially states that Plaintiff Keith Drinkard was killed on or about April 25, 2005. *Id.*

Fed. R. Civ. P. 25(a)(1) provides as follows:

> If a party dies and the claim is not thereby extinguished, the court may order substitution of the proper parties. The motion for substitution may be made by any party or by the successors or representatives of the deceased party and, together with the notice of hearing, shall be served on the parties as provided in Rule 5 and upon persons not parties in the manner provided in Rule 4 for the service of the summons, and may be served in any judicial district. Unless the motion for substitution is made not later than 90 days after the death is suggested upon the record by service of a statement of the fact of the death as provided herein for the service of the motion, the action shall be dismissed as to the deceased party.

The record reflects that no Motion for Substitution was made within ninety (90) days after the "Notice of Death of Plaintiff" was served. In fact, no Motion for Substitution has been

filed at all.

The referenced Rule applies, by its own terms, when "a party dies and the claim is not thereby extinguished . . . ." The Court must, therefore, determine whether Plaintiff's claim in this action was extinguished by his death.

Plaintiff's claims in this action are based solely upon 42 U.S.C. § 1983. Docket No. 1. State law governs the survival of civil rights claims under 42 U.S.C. § 1983. *See Robertson v. Wegmann,* 436 U.S. 584, 588-93 (1978).

T.C.A. § 20-5-102 provides:

> **Actions surviving death of party. –** No civil action commenced, whether founded on wrongs or contracts, except actions for wrongs affecting the character of the plaintiff, shall abate by the death of either party but may be revived; nor shall any right of action arising hereafter based on the wrongful act or omission of another, except actions for wrongs affecting character, be abated by the death of the party wronged; but the right of action shall pass in like manner as the right of action described in § 20-5-106.

Under T.C.A. § 20-5-102, a cause of action is not extinguished by the death of the plaintiff, unless the claim is one affecting the character of the plaintiff. Tennessee courts have held that wrongs affecting the character of a plaintiff include malicious prosecution, libel, false imprisonment, breach of promise to marry, alienation of wife's affections, and seduction. *See Medrano v. MCDR, Inc.*, 366 F.Supp. 2d 625, 634 (W.D. Tenn. 2005). A cause of action brought pursuant to 42 U.S.C. § 1983 is not an action for wrongs affecting the character of the Plaintiff. *Id.*

Thus, this action was not abated, or extinguished, by the death of the Plaintiff. That being the case, Fed. R. Civ. P. 25(a)(1) does apply, and this action should be dismissed as to the Plaintiff because no Motion for Substitution was made within ninety (90) days of the service of

2

the "Notice of Death of Plaintiff." *Id.*

For the foregoing reasons, the undersigned recommends that this action be DISMISSED.

Under Rule 72(b) of the Federal Rules of Civil Procedure, any party has ten (10) days from receipt of this Report and Recommendation in which to file any written objections to this Recommendation with the District Court. Any party opposing said objections shall have ten (10) days from receipt of any objections filed in this Report in which to file any response to said objections. Failure to file specific objections within ten (10) days of receipt of this Report and Recommendation can constitute a waiver of further appeal of this Recommendation. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed. 2d 435 (1985), *reh'g denied*, 474 U.S. 1111 (1986).

E. Clifton Knowles
United States Magistrate Judge

3